IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

JOHNISHA ELENA BROWN, inmate - Lancaster County M.H. Psych. Provider; ANDREW CORBORN, STEVEN WIENDAL, and CLADIOUS HARTMAN,

Defendants.

**8:22CV221**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Austin Edward Lightfeather's ("Lightfeather") Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 2. On June 23, 2022, the Court required Lightfeather to show cause why he is entitled to proceed IFP in this action. Filing No. 6. The Court identified five cases brought by Lightfeather that were dismissed because they were frivolous and/or failed to state a claim upon which relief may be granted. *Id.*[1] The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Lightfeather filed a response to the show cause order on June 30, 2022, Filing No. 10, followed by a second

---

[1] The cases identified are: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Lightfeather's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Lightfeather failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Lightfeather's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Lightfeather failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Lightfeather's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Lightfeather failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Lightfeather's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Lightfeather's complaint as frivolous).

response on July 29, 2022, Filing No. 12. For the reasons that follow, the Court finds Lightfeather has failed to demonstrate that he is entitled to proceed IFP, but the Court will reserve ruling on the motion to proceed IFP and give Lightfeather an opportunity to amend his Complaint to allege factual allegations demonstrating that he faces an imminent danger of serious physical injury as well as a plausible claim for relief against a named defendant.

## I. MOTION TO PROCEED IFP

As stated in the PLRA, a prisoner cannot

bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Lightfeather's response to the Court's show cause order fails to show that any of the cases identified by the Court as strikes were not dismissed as frivolous or for failure to state a claim. *See* Filing 10; *see also Lightfeather v. Prey et al.*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing No. 22, Memorandum and Order denying Lightfeather leave to appeal IFP because he failed to show that the cases identified by the Court should not be considered strikes). Because Lightfeather has "three strikes," he may only proceed IFP in this action if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

An indigent inmate who has acquired three strikes may file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the

risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citation omitted). "When an inmate is granted leave to proceed in forma pauperis under the imminent danger exception, the in forma pauperis 'action must be limited to imminent danger claims that have been properly exhausted.'" *Charron v. Whitlock*, No. 2:18-CV-00032-PLC, 2018 WL 3546763, at *1 (E.D. Mo. July 24, 2018) (quoting *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004)).

Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin*, 319 F.3d at 1050.

## A. Lightfeather's Complaint and Responses

Lightfeather is a pretrial detainee confined in the Lancaster County Department of Corrections. Lightfeather's Complaint, Filing No. 1, consists of seven, handwritten pages of, essentially, free-flowing narrative. He alleges that he was diagnosed with cancer on

May 18, 2021, and that he is not receiving treatment for his cancer "such as chemo therapy or steroid shot use." *Id.* at 1. Lightfeather alleges that he is receiving a medication called "Haldol X92" twice per week by injection performed by "a medical nurse R.N. or a medical staff with an LPN degree" to help his autism. *Id.* at 1–2. Lightfeather alleges he has been given two shots beginning on June 5, 2022. *Id.* at 3. According to Lightfeather, the Haldol X92 does not treat his cancer, it weakens his immune system, and the side effects of the medication "cause excess sleep, possible future insomnia from the shot, weakness, [and] shortness of breath." *Id.* at 2. Liberally construed, Lightfeather alleges that he is being given the Haldol X92 based on assault charges he faces in a pending state criminal case, but he disputes the charges and claims that the reasons for giving the Haldol X92 shot are invalid. *Id.* at 3.

In his June 30, 2022 response to the Court's show cause order, Lightfeather further asserts he is "on a shot Haldol X92 proscribed [sic] by physicians that claimed a Nazi status in their work place in my presents [sic], knowing the shot causes blindness, side effects of immune dificiantcy [sic], steriotypical [sic] realistic death life altering effects; warranting to hear my case." Filing No. 10 at 3. In his later response, Lightfeather states that he "believe[s] the Envaga shot is prof [sic] of serious threat for all my pro se cases filed" and that "[b]eing a Jew in an all white institution with blacks makes me the Invedious [sic] minority placing me in danger based on my race." Filing No. 12 at 3 (punctuation altered).

For relief, Lightfeather asks the Court to "step in and discontinue the shot," to "investigate the shot proscribed [sic] to [him] and who ordered the shot," and to order his release from custody. Filing No. 1 at 3–4.

4

**B. No Imminent Danger of Serious Injury**

Even giving Lightfeather's pleadings their most liberal construction, the Court concludes that he has failed to allege that he is under imminent danger of serious physical injury in order to proceed IFP under the exception to the three-strikes rule in 28 U.S.C. § 1915(g).

The denial of appropriate medical care may, under certain circumstances, present an "imminent danger" sufficient to create an exception to the three-strikes policy and allow a prisoner to proceed in forma pauperis.  *See Partin v. Harmon*, 113 Fed. App'x 717, 718 (8th Cir. 2004) (unpublished) (per curiam) (holding that plaintiff satisfied the imminent danger exception where he alleged that "he was exposed to raw sewage; denied treatment for tuberculosis, prostate cancer, and colon cancer; deprived of prosthetic support boots; denied medical care for an injured knee and ankle; and forced to work against medical restrictions" and "that these serious medical needs continue to go untreated"); *McAlphin*, 281 F.3d at 711 (8th Cir. 2002); *see also Brown v. Wolf*, 705 Fed. App'x 63, 66-67 (3d Cir. 2017) (holding that allegation by prisoner that the prison was "refusing him *any* medical treatment for his Hepatitis C, if true, puts [plaintiff] in imminent danger of serious physical injury.") (emphasis in original); *but see Martin*, 319 F.3d at 1050-51 (finding that plaintiff's "conclusory assertion that defendants were trying to kill [plaintiff] by forcing him to work in extreme conditions despite his blood pressure condition" did not satisfy the imminent-danger exception).  However, "[t]he Eighth Circuit Court of Appeals has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to risk of a truly serious physical injury." *Murphy v. Payne*, No. 1:18-CV-00082-KGB, 2019 WL 2009283, at *3 (E.D. Ark. May 7,

5

2019) (comparing *Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), with *Martin*, 319 F.3d at 1050 (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries)).

Here, Lightfeather alleges he is not receiving any medical treatment for his cancer, but he does not allege what kind of cancer he was diagnosed with, what effects, if any, the cancer has had on his health, or even if any medical provider has recommended any course of treatment. Additionally, while Lightfeather alleges the Haldol X92 shot he receives for his autism weakens his immune system, he alleges no facts suggesting that he has suffered any serious injury as a result of the shot or that he faces an imminent risk of serious injury. The forced administration of medication, on its own, does not necessarily create an imminent danger of serious physical injury. *See Holbach v. North Dakota*, No. 3:13-CV-38, 2014 WL 295153, *2 (D.N.D. Jan. 24, 2014) (finding plaintiff's conclusory statement that he was being drugged "to kill [him] . . . and silence [him]" by state hospital after being found incompetent to stand trial was insufficient to implicate the imminent danger exception); *Robinson v. Stoddard*, No. 1:13–cv–754, 2013 WL 3974715, *2 (W.D.Mich. Aug. 2, 2013) (finding plaintiff's claim that being subjected to forced unidentified medication is life-threatening is "wholly irrational" and does not implicate the imminent danger exception); *Staley v. Yu*, No. 9:07–159–PMD–GCK, 2007 WL 1149874, *1 (D.S.C. Apr. 11, 2001) (Failure to demonstrate that forced psychotropic medication was necessarily dangerous or that it caused the plaintiff to suffer any specific injury did not meet the showing of imminent physical harm required under § 1915(g).).

6

Lightfeather has not alleged sufficient facts to demonstrate that he is under imminent danger of serious physical injury, and, thus, he is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915(g).  Even if the Court were to apply the imminent-danger-of-serious-physical-injury exception in this case, Lightfeather's Complaint fails to allege a plausible claim for relief against any of the named defendants and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## II. INITIAL REVIEW OF COMPLAINT

### A. Applicable Standards on Initial Review

The Court is required to review prisoner and in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase*

*Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Lightfeather alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### B. Complaint Fails to State Claim for Relief Against Any Defendant

Liberally construed, Lightfeather alleges a constitutional conditions-of-confinement claim; more specifically, he alleges a claim of deliberate indifference to his serious medical needs.  A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment, while a pretrial detainee's challenge to such conditions is analyzed under the due process clause of the Fifth Amendment (with respect to federal actors) or the Fourteenth Amendment (with respect to state actors).  *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989).  This makes little difference as a practical matter, though, because pretrial detainees are entitled to the same protection as imprisoned convicts.  *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010).

"To establish a constitutional violation, a detainee must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded."

*Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)); *see also Laganiere v. Cty. of Olmsted*, 772 F.3d 1114, 1116 (8th Cir. 2014) ("The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs.").

"An objectively serious medical need is one that 'has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Laganiere*, 772 F.3d at 1116 (quoting *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008)). "In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 747 (internal quotations and citations omitted).

Here, Lightfeather has named as defendants in his Complaint Johnisha Elena Brown, Andrew Corborn,[2] Steven Wiendal, and Cladious Hartman (collectively "Defendants").[3]  For the reasons that follow, Lightfeather has failed to state a claim upon which relief may be granted against any of the Defendants.

---

[2] Andrew Corborn is also referred to as "Andrew Corbon" in the Complaint. Filing No. 1 at 1 & 5. The Court will utilize both spellings in this order.

[3] Lightfeather also identified Todd C. Molvar as a defendant in the body of his Complaint only "if judge wishes to add." Filing No. 1 at 6. Lightfeather also indicated that Molvar is "not listed in this complaint, but listed in 8:21cv162 and appeal that was denied." *Id.*  The Complaint does not contain any allegations suggesting Molvar had any personal involvement in the constitutional violation Lightfeather alleges here nor does the Complaint even suggest Molvar has wronged Lightfeather in some way. Thus, the Court declines to consider Molvar as a defendant in this case.

**1. Defendant Johnisha Elena Brown**

Though difficult to decipher, as best the Court can tell, Defendant Johnisha Elena Brown is actually another inmate in custody at the Lancaster County Department of Corrections named Yohann Webb (hereinafter "Brown/Webb"). Filing No. 1 at 7 ("Johnisha Brown goes by Yoann [sic] Webb in your Federal System."). Lightfeather has another pending case in this Court in which he named Yohann Webb as the defendant, *Lightfeather v. Webb*, No. 8:22-cv-00250-JFB-PRSE (D. Neb.), and Webb has filed several cases in this Court while a prisoner in the LCDC.

Lightfeather has not alleged any facts to show that Brown/Webb is a state actor acting under color of state law as required to state a claim under § 1983. *See West*, 487 U.S. at 48. In addition, Lightfeather has not alleged any facts demonstrating Brown's/Webb's personal involvement in the alleged constitutional violation of his right to appropriate medical care. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Lightfeather instead complains about past wrongs committed by Brown/Webb against Lightfeather such as having him abducted and stealing documents from him. Filing No. 1 at 7. Nothing that Brown/Webb is alleged to have done threatened Lightfeather with "imminent danger of serious physical injury" at the time his Complaint was filed. Thus, even if he qualified, Lightfeather would not be entitled to proceed in forma pauperis on any claim against Brown/Webb under the three-strikes exception in 28 U.S.C. § 1915(g).

**2. Defendant Andrew Corborn**

Lightfeather alleges that while he was at "LRC," which the Court assumes is the Lincoln Regional Center, Defendant "Andrew Corbon bent my arm pulling me into his chest area while forcing a shot into my arm by force, without having his license to practice medicine at the time." Filing No. 1 at 5. Lightfeather further alleges Corborn has "Ayron connections Hiekler," which the Court understands to mean Nazi connections. *See Id.*

As with Defendant Brown/Webb, Lightfeather fails to allege any facts demonstrating that Corborn was personally involved in the denial of his cancer treatment or the administration of the Haldol X92 shot. Liberally construed, Corborn is alleged to be an employee of the Lincoln Regional Center and is not employed at the LCDC. In correspondence to the Court, Lightfeather represented that he has not been at the LRC since September 14, 2021. Filing No. 8. Moreover, Corborn's alleged conduct of which Lightfeather complains consists of a past, isolated incident and does not establish that Lightfeather faces an imminent danger of serious physical injury as a result of anything Corborn has done. Lightfeather has, thus, failed to state a plausible claim for relief against Corborn upon which he may proceed IFP under 28 U.S.C. § 1915(g).

**3. Defendant Steven Wiendal**

Lightfeather alleges Wiendal "[h]ad planted a note in a news paper to target me once while I was in segregation 24/7 ISO unit. He was caught on camerea [sic]; he agreed to the shot." Filing No. 1 at 5. Again, there are no allegations to suggest Wiendal is a state actor or how his agreement to the shot played any role in the alleged violation of Lightfeather's constitutional rights. There are no facts to suggest Wiendal has any

8:22-cv-00221-JFB-PRSE   Doc # 13   Filed: 08/18/22   Page 12 of 16 - Page ID # 55


authority or role in the provision of Lightfeather's medical care at the LCDC. Thus, the Complaint fails to state a claim for relief against Wiendal that is plausible on its face.

### 4. Defendant Cladious Hartman

Lightfeather alleges Hartman is a medical doctor and "Psych. Physician" who "has been sued twice by the state and more than once by family members under his care. He is a board member to [Lightfeather's] care [and] friends with Adoph Hiekler a high ranked nazi." Filing No. 1 at 5. Similar to Wiendal, Lightfeather fails to allege facts demonstrating what, if any, authority or role Hartman has in the provision of Lightfeather's medical care at the LCDC. The vague allegation that Hartman is "a board member" to Lightfeather's care is insufficient to establish Hartman's personal involvement in the alleged denial of Lightfeather's cancer treatment or administration of the Haldol X92 shot. *See White*, 865 F.3d at 1081. Accordingly, Lightfeather has failed to allege a plausible claim for relief against Hartman.

### 5. Official Capacity Claims

In addition, the Court notes that if each of the defendants is assumed to be a state actor, the Court would be required to assume that each defendant is sued in his or her official capacity. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity.").

Lightfeather should be aware that because he has sued Defendants in their official capacities only, such claims are actually asserted against Lancaster County itself (assuming Defendants are affiliated with the LCDC). *Elder-Keep v. Aksamit*, 460 F.3d

979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.  A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

A county may only be liable under section 1983 if a "policy" or "custom" of the county caused a violation of the plaintiff's constitutional rights.  *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.  *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).  To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Lightfeather's Complaint fails to allege that any actions were taken pursuant to a policy or custom of Lancaster County.  "Although [Lightfeather] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he

13

must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). Lightfeather's Complaint, therefore, is subject to dismissal because it fails to allege a plausible claim for relief against any defendant in his or her official capacity.

### III. CONCLUSION

As this matter stands, Lightfeather has failed to demonstrate that he is under imminent danger of serious physical injury in order to proceed IFP pursuant to 28 U.S.C. § 1915(g). In addition, even if the Court were to apply the imminent-danger-of-serious-physical-injury exception in this case, Lightfeather's Complaint fails to allege a plausible claim for relief against any of the named defendants and is, therefore, subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. On the Court's own motion, the Court will reserve ruling on Lightfeather's IFP motion, Filing No. 2, and give Lightfeather an opportunity to file an amended complaint that alleges factual allegations demonstrating that he faces an imminent danger of serious physical injury and that also alleges a plausible claim for relief against a named defendant. The amended complaint must specify in what capacity the defendants are sued and must set forth all of Lightfeather's claims (and any supporting factual allegations) against that defendant. To be clear, Lightfeather's amended complaint must restate the relevant allegations of his Complaint, Filing No. 1, the relevant allegations regarding imminent danger of serious injury in his responses, Filing No. 10; Filing No. 12, and any new allegations. Lightfeather should be

14

mindful to explain who each defendant is, what each defendant did to him, when the defendant did it, and how the defendants' actions harmed him. Lightfeather is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Lightfeather is encouraged to use the Court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

If Lightfeather fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice pursuant to 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED:

1.      Lightfeather shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Lightfeather. Lightfeather should be mindful to explain in his amended complaint who each defendant is, what each defendant did to him, when the defendant did it, and how the defendants' actions harmed him.

2.      In the event that Lightfeather files an amended complaint, Lightfeather shall restate the allegations of the Complaint, Filing No. 1, any relevant allegations regarding imminent danger of serious injury in his responses, Filing No. 10; Filing No. 12, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Lightfeather is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.      The Clerk of Court is directed to send to Lightfeather a Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner Complaint).

4.     The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 19, 2022**: check for amended complaint.


Dated this 18th day of August, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge