IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>AMY, Nurse Aid; BRENDA MAE STINSON, EDEN WODIJO, and RICHARD GREY,<br><br>Defendants. | **8:22CV221**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Austin Edward Lightfeather's ("Lightfeather") Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, Amended Complaint, Filing No. 14, and two additional motions, Filing No. 15; Filing No. 16. For the reasons that follow, the Court concludes this matter must be dismissed because Lightfeather has failed to demonstrate he is entitled to proceed IFP and his Amended Complaint fails to state a claim upon which relief may be granted.

## I.  BACKGROUND

Lightfeather is a prisoner who has accumulated "three strikes" which prevents him from proceeding IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Court previously ordered Lightfeather to show cause (hereinafter "Show Cause Order") why he is entitled to proceed IFP in this action. Filing No. 6. On August 18, 2022, the Court reviewed Lightfeather's IFP motion, responses to the Court's Show Cause Order, Filing No. 10; Filing No. 12, and Complaint, Filing No. 1, in which he generally alleged that he was not receiving treatment for his unspecified cancer diagnosis and was being given Haldol X92 injections to help his autism with negative side effects. *See* Filing No. 13 at 3–4. The Court determined that Lightfeather had failed to

demonstrate that he is under imminent danger of serious physical injury, and, even if the Court were to apply the imminent-danger-of-serious-physical-injury exception, Lightfeather's Complaint failed to allege a plausible claim for relief against any of the named defendants. Filing No. 13. However, on the Court's own motion, the Court reserved ruling on Lightfeather's IFP motion and gave Lightfeather an opportunity to file an amended complaint that alleges factual allegations demonstrating that he faces an imminent danger of serious physical injury and that also alleges a plausible claim for relief against a named defendant.

Lightfeather filed his Amended Complaint on August 25, 2022. Filing No. 14. On September 2, 2022, and on September 9, 2022, Lightfeather filed motions seeking to add and remove defendants and to generally supplement the allegations of his Amended Complaint. Filing No. 15; Filing No. 16. The Court now reviews Lightfeather's IFP Motion and Amended Complaint pursuant to the Court's August 18, 2022 Memorandum and Order (hereinafter the "Initial Review Order") and 28 U.S.C. §§ 1915(e)(2) and 1915A and will consider Lightfeather's two motions as supplemental to the Amended Complaint. *See* NECivR 15.1(b).

## II. SUMMARY OF AMENDED COMPLAINT

When Lightfeather filed his Amended Complaint, he was a pretrial detainee confined in Lancaster County Corrections ("LCC"). Filing No. 14 at 2, 4. On September 23, 2022, Lightfeather was moved to the Diagnostic and Evaluation Center within the Nebraska Department of Correctional Services ("NDCS") for a presentence evaluation. Filing No. 1 at 8, Case No. 8:22CV360. He was then sentenced on December 30, 2022, and is presently confined in the custody of the NDCS. *See* Filing No. 1 at 10, Case No.

8:23CV360 (noting scheduled sentencing date of December 30, 2022); Filing No. 35, Case No. 8:21CV115 (Jan. 6, 2023 letter indicating Lightfeather released from LCC on December 30, 2022); *Lightfeather v. Woods*, No. 8:21CV115, 2023 WL 5294110, at *2 (D. Neb. Aug. 17, 2023) (Filing No. 69 at 3, noting Lightfeather is currently serving an 18-year prison sentence).[1]  In his Amended Complaint, Lightfeather names three LCC staff members—"Amy Nurse Aid," A.P.R.N. Eden Wodijo ("Wodijo"), and Administrator Richard Grey ("Grey")—and an alleged City of Lincoln employee, Brenda Mae Stinson ("Stinson"), as defendants in their individual capacities.  Filing No. 14 at 2–3.  Lightfeather alleges claims against these defendants under 42 U.S.C. § 1983 for violations of "14th Amendment equal rights, 5th Amendment due process of law, 8th Amendment cruel and unusual punishment, [and] 6th Amendment counsel fairness."  *Id.* at 3 (capitalization altered from original).

Lightfeather claims "[e]ach defendant has violated [his] 79-1118.01 'Autism' DSM Neb. Rev. St. Rights claiming [he has] Schiztophrinia [sic] and by claiming against [his] Autism Diagnosis."  *Id.* at 4.  Lightfeather alleges Stinson called Wodijo on or about June 1, 2022, expressing that Lightfeather has schizophrenia rather than Autism.  Lightfeather acknowledges that Stinson "is an alleged victim in CR20-6149," *Id.* at 5, as well as his "legal guardian," Filing No. 15 at 2, and the Court takes judicial notice that Stinson was the victim of the assault for which Lightfeather is currently serving a prison sentence, *Lightfeather v. Woods*, 2023 WL 5294110, at *2.  Wodijo ordered the "Envaga shot" to treat Lightfeather for schizophrenia, and Grey allowed the injections to start on June 1,

---

[1] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records.  *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).  Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it.  *Id.*

2022.  Filing No. 14 at 5; Filing No. 16 at 2, 5.  Lightfeather alleges he received Envaga injections on June 1, June 25, July 13, and August 1, 2022, and Amy Nurse Aid administered those injections.

Though not named in the Amended Complaint, Lightfeather's supplemental motions, Filing No. 15; Filing No. 16, appear to reassert claims against Steven Wiendel ("Wiendel"), Claudis Hartman ("Hartman"), and Andrew Corbon ("Corbon") who were named as defendants in his original Complaint, Filing No. 1.[2]  As to Wiendel, Lightfeather alleges Wiendel is a county employee who attempted to place Lightfeather back on the Envaga injection on September 4, 2022, after Wodijo had removed him from the injection two days prior.  Filing No. 15 at 1; Filing No. 16 at 3.  Lightfeather told Wiendel, "'No' to the injection because it almost took my life," and "expressed how the injection is anti-Jewish, and I drew a merrial [sic] on my wall stating 'No To Injection,' the injection almost took my life by causing a mini-stroke."  Filing No. 15 at 1, 4.  Wiendel also asked Lightfeather to "stay on the injection to leave suicide watch, for August 29, 2022 or August 14, 2022, in which [Lightfeather] agreed to take the injection out of fear of further trauma," but thereafter refused the injection.  Filing No. 16 at 4.

Lightfeather also alleges Hartman is a county employee and a "M.D. psych" who claimed that Lightfeather had schizophrenia during a January 1, 2021 court proceeding and thereafter ordered an injection of Envaga to treat the schizophrenia.  Filing No. 16 at 1, 4.  Finally, as in his Complaint, Lightfeather asserts Corbon is an APRN at the "LRC," or Lincoln Regional Center, who forcefully administered an Envaga injection to Lightfeather in August 2021.  *Compare* Filing No. 1 at 5 *with* Filing No. 16 at 4.

---

[2] Lightfeather abandons his claims against another LCC inmate, Yohan Webb.  Filing No. 16 at 1.

Lightfeather claims that as a result of the Envaga injections he suffered the following injuries:

> Mini stroke has occurred twice in July and in August.  Loss of the ability to breath [sic] has happend [sic] during sleep reported by the LT. of the institution.  Faintness has caused confusion because of the injection.  Restlessness to my muscle in my shoulder where the injection is used causes pain and alarted [sic] muscles.

Filing No. 14 at 5.  As relief, Lightfeather seeks "[t]o have the county jail 'discontinue' the use of this injection before death occurs . . . . [and f]or each defendant to pay $50,000.00 per person for trauma of the injections of none [sic] FDA approved medications of 234 MG injections."  *Id.*

## III.  DISCUSSION

### A.  No Imminent Danger of Serious Physical Injury

First, the Court must acknowledge that, in his Amended Complaint, Lightfeather alleges he faces an imminent danger (Envaga injections) wholly different from the purported imminent danger he alleged he faced in his original Complaint (lack of cancer treatment and Haldol X92 injections).  Though the Court finds this shift to a completely different basis for application of the imminent danger exception troubling, the danger allegedly presented by the Envaga shots is alleged to have existed around the time the original Complaint was filed on June 21, 2022.  See *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . .").  Therefore, the Court will proceed with its analysis of whether the Amended Complaint's allegations demonstrate that Lightfeather faces an imminent danger of serious physical injury such that he may proceed IFP in this matter.  The Court discussed the relevant legal principles that govern

5

this analysis in the Initial Review Order and will not repeat them here.  Filing No. 13 at 2–3.

Here, Lightfeather alleges he was given Envaga injections on several occasions with the latest injection occurring on or around August 29, 2022.  Filing No. 14 at 4; Filing No. 16 at 4.  Lightfeather alleges he suffered adverse effects from the injections, including depression, suicidal thoughts, loss of breath, and "a 'mini-stroke' that almost took my life in early August of 2022."  Filing No. 16 at 3; see also Filing No. 14 at 5.  Lightfeather, however, does not offer any factual support in support of his assertion that he suffered a "mini-stroke" such as the physical effects of the alleged mini-stroke or whether any medical professional diagnosed Lightfeather as having suffered a mini-stroke.  Rather, Lightfeather states he simply "told Medical Aid of Medication Managment [sic] 'Heather' of the mini stroke I experienced in early August of 2022."  Filing No. 14 at 8 (punctuation corrected).   Nowhere  does  Lightfeather  allege  that  these  injections  are  being administered without, or contrary to, a court order.  Moreover, Lightfeather appears to mainly object to the Envaga injections because they are aimed at treating schizophrenia, which he asserts is an incorrect diagnosis.  Id. at 4; Filing No. 16 at 1–2.

Given the Court's awareness of Lightfeather's long struggle with mental illness, the Court has serious doubts about the veracity of Lightfeather's conclusory, unsupported allegations of experiencing near-death side effects from injections aimed at treating schizophrenia, particularly when Lightfeather alleges he has been receiving these injections off and on since May 2020.  See Filing No. 15 at 1 (injection first ordered by Stinson in May 2020); Lightfeather v. Woods, 2023 WL 5294110, at *2 (finding after bench trial that Lightfeather "has autism spectrum disorder, Tourette's syndrome, bipolar

disorder, obsessive compulsive disorder, schizophrenia, oppositional defiant disorder, borderline personality disorder, and post-traumatic stress disorder"). Lightfeather's allegations regarding a seemingly self-diagnosed mini-stroke and belief that "the injection is anti-Jewish" appear wholly irrational and insufficient to establish he is under imminent danger of serious injury. *See Holbach v. North Dakota*, No. 3:13-CV-38, 2014 WL 295153, *2 (D.N.D. Jan. 24, 2014) (finding plaintiff's conclusory statement that he was being drugged "to kill [him] . . . and silence [him]" by state hospital after being found incompetent to stand trial was insufficient to implicate the imminent danger exception); *Robinson v. Stoddard*, No. 1:13–cv–754, 2013 WL 3974715, *2 (W.D.Mich. Aug. 2, 2013) (finding plaintiff's claim that being subjected to forced unidentified medication is life-threatening is "wholly irrational" and does not implicate the imminent danger exception).

Taking Lightfeather's allegations as true, however, the Court concludes that Lightfeather has not shown that he faces any continuing or ongoing risk of future injury. See *Martin*, 319 F.3d at 1050 ("[T]the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). Lightfeather alleges he received his last injection around the time he filed his Amended Complaint and thereafter refused any further injections. Lightfeather was then transferred to the custody of the NDCS for a presentence evaluation on September 23, 2022, and by all indications has remained in NDCS custody since that time. As such, the Court finds that Lightfeather has not shown that he faces the threat of future injury from any of the defendants associated with LCC and the administration of the Envaga shots as he was removed from LCC custody shortly after filing his Amended Complaint and will not be subject to LCC custody anytime soon.

7

Lightfeather, thus, has not alleged sufficient facts to demonstrate that he is under imminent danger of serious physical injury in order to proceed IFP pursuant to 28 U.S.C. § 1915(g).

## B. Complaint Fails to State Claim for Relief

Even if the Court were to apply the imminent-danger-of-serious-physical-injury exception in this case, Lightfeather's Amended Complaint fails to allege a plausible claim for relief against any of the named defendants and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

First, Lightfeather's move from LCC to NDCS custody moots his claims for injunctive relief. *See Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir. 2001) (when actions required by injunction would be impossible for correctional-center defendants to execute because plaintiff was moved to another institution, plaintiff's claims for injunctive relief against defendants were moot); *Beck by Beck v. Missouri Stale High School Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam) (noting that a case is moot when circumstances change to such a degree that "a federal court can no longer grant effective relief"); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (concluding that claim for injunctive relief against warden was moot because prisoner was transferred to another prison).

Second, Ligthfeather cannot pursue relief under 42 U.S.C. § 1983 against Stinson because she is not a government actor. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48

(1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).   Though Lightfeather alleges Stinson is a City of Lincoln employee, he clearly sues her for actions taken in her private capacity as Lightfeather's legal guardian.

Next, Lightfeather's allegations with respect to Hartman and Corbon relate to past, isolated incidents and do not establish that Lightfeather faces an imminent danger of serious physical injury as a result of anything Hartman or Corborn has done.   Lightfeather has, thus, failed to state a plausible claim for relief against Hartman or Corborn upon which he may proceed IFP under 28 U.S.C. § 1915(g).   *See Charron v. Whitlock*, No. 2:18-CV-00032-PLC, 2018 WL 3546763, at *1 (E.D. Mo. July 24, 2018) ("When an inmate is granted leave to proceed in forma pauperis under the imminent danger exception, the in forma pauperis 'action must be limited to imminent danger claims that have been properly exhausted.'" (quoting *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004))).

Finally, with respect to the remaining defendants, Amy Nurse Aid, Wodijo, Grey, and Wiendel, Lightfeather's claims amount to nothing more than a disagreement with the treatment decisions of these LCC medical staff, which does not rise to the level of a constitutional violation warranting relief under 42 U.S.C. § 1983.   A prisoner=s mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment.[3]   *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).   Differences of opinion, mistakes, and even medical malpractice do not meet the exacting standard of deliberate indifference.   *See*

---

[3] As the Court previously noted, Lightfeather's deliberate indifference claims fall under the due process clause of the Fourteenth Amendment since he was a pretrial detainee at the relevant time rather than the Eighth Amendment's prohibition against cruel and unusual punishment which applies to a convicted prisoner's conditions of confinement.   *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). This makes little difference as a practical matter, though, because pretrial detainees are entitled to the same protection as imprisoned convicts.   *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010).

*Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) ("At best, [the plaintiff's] allegations state a difference in opinion between himself and his doctors or allege a mistake in classification or treatment.  Neither differences of opinion nor medical malpractice state an actionable Constitutional violation.").  Lightfeather disagrees with the LCC defendants' diagnosis of schizophrenia and their course of treatment, but, even assuming Lightfeather experienced the adverse effects from the injections that he alleges, he does not allege that the defendants failed to treat him for or appropriately respond to those effects.  Under the circumstances, the Court concludes Lightfeather has failed to state a plausible deliberate indifference claim against any of the LCC defendants.

## IV. CONCLUSION

Lightfeather has failed to demonstrate that he is under imminent danger of serious physical injury in order to proceed IFP pursuant to 28 U.S.C. § 1915(g).  In addition, even if the Court were to apply the imminent-danger-of-serious-physical-injury exception in this case, Lightfeather's Amended Complaint fails to allege a plausible claim for relief against any of the named defendants and is, therefore, subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court will therefore deny Lightfeather's motion to proceed IFP and dismiss this matter without prejudice.

IT IS THEREFORE ORDERED that:

1.      Lightfeather's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is denied.

2.      This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3.     Lightfeather's other pending motions, Filing No. 15; Filing No. 16, are denied as moot.

4.     Any notice of appeal filed by Lightfeather must be accompanied by the $505.00 appellate filing fee because Lightfeather will not be allowed to proceed in forma pauperis on appeal.


Dated this 24th day of August, 2023.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge